Cahn Engineers, Inc. *v.* Leonard Intelisano et al.

Cotter, C. J., Loiselle, Bogdanski, Longo and Rubinow, Js.

Argued May 3—decision released August 15, 1978

*William W. Dickinson, Jr.,* with whom was *Carl E. Cella,* for the appellants (named defendant et al.).

*Irving H. Perlmutter,* with whom, on the brief, was *Gary P. Sklaver,* for the appellee (plaintiff).

Per Curiam. The plaintiff brought this action to determine who is entitled to 2072 shares of stock in Second New Haven Bank (hereinafter the bank). Custody of the shares had been given to the bank by the registered owners of them, the defendants Leonard Intelisano and Clare Intelisano (herein-

after the defendants). The plaintiff claims that the shares were deposited as security for the payment of a debt due to the plaintiff from Highland Park, Inc. (hereinafter Highland Park), a corporation that the defendant Leonard Intelisano was then stockholder in and president and director of, and that the debt has not been paid. The court rendered judgment for the plaintiff, and the defendants have appealed. Summarized, the claims of error briefed by the defendants are, first, that the trial court erred in ruling that certain documents delivered to the bank with the shares constituted an assignment to the plaintiff of a security interest in the shares; and, second, that even if the plaintiff has a security interest in the shares, when the plaintiff obtained that security interest, the plaintiff made an agreement that is a condition precedent to the exercise by the plaintiff of the plaintiff's rights as owner of the security interest in the shares, and that the court erred in ruling that the plaintiff had performed that agreement.

The parties are in essential agreement concerning the facts found by the trial court to have preceded the deposit of the shares with the bank. In summary, these facts are that the plaintiff, beginning in August, 1972, had been performing engineering work for Highland Park. In July, 1973, the plaintiff stopped the work because Highland Park had not paid invoices totaling $37,299.39. Thereafter, in August, 1973, the plaintiff sought security for the payment of this debt from the defendants, as principals of Highland Park, and the defendants agreed to post 2072 shares of the bank as security for the payment of the $37,299.39 by November 6, 1973. The shares were then deposited with the bank, together with two documents entitled "Assignment

Separate from Certificate." Each of those documents was executed by both defendants, but each was incomplete because certain blank spaces were not filled in. As part consideration for the agreement of the defendants to post the shares as security for the debt due from Highland Park to the plaintiff, the plaintiff agreed to resume working for Highland Park and, particularly, to do certain specified work that had to be done before Highland Park could obtain further financing.

The parties also agree that the $37,299.39 was not paid; that the plaintiff did resume work for Highland Park; and that the plaintiff has not been paid for any of the work that it did for Highland Park after the plaintiff resumed work in August, 1973.

As required by Practice Book, 1963, § 628G (b), the defendants have set forth in their brief a statement of the facts of the case. In that statement, the defendants say, "Leonard and Clare Intelisano placed 2072 shares of stock with . . . the North Haven Branch of Second New Haven Bank. The stock was to be held as security for the payment of invoices due Cahn Engineers, Inc." Because the defendants, by this statement, concede that the stock was deposited as security for the payment of the plaintiff's invoices, it is immaterial whether, as claimed by the plaintiff and found by the court, the documents delivered with the stock were effective to create the security interest, or whether, as claimed by the defendants, those documents were not effective to create the security interest. For the purposes of the present litigation, it suffices that the defendants in their brief admit that the stock was deposited as security and do not attack the court's finding

that the shares were deposited for the purpose of securing the payment to the plaintiff of the $37,299.39 due to the plaintiffs from Highland Park. For this reason, even if we were to sustain the defendants' claim that the court was not warranted in finding that the documents constituted an assignment of a security interest to the plaintiff, sustaining that claim would not affect the outcome of this appeal. Furthermore, even though each of the documents might not, if standing alone, be sufficient to constitute an assignment, their cumulative effect, together with the inferences to be drawn from other documentary evidence, clearly supported the court's unchallenged conclusion that there was a "valid, enforceable security agreement between Cahn Engineers, Inc., and Leonard Intelisano and Clare Intelisano, given to secure the debt due in the sum of $37,299.39."

The remaining claim of the defendants, that the plaintiff is not entitled to exercise its rights as the owner of a security interest because the plaintiff did not perform its agreement concerning the resumption of work for Highland Park, is untenable for two reasons. First, the court expressly found that the plaintiff "returned to work on the construction project after August 6, 1973, and performed the work which it had promised to do pursuant to the agreement reached at the meeting of August 6, 1973." Although the defendants have challenged this finding, there was evidence to support it. For example, although the plaintiff was performing its work from August, 1973, through May, 1974, there was no claim made during this entire period of any dissatisfaction with the work or that any of the work was improper. Also, in May, 1974, the defendant Leonard Intelisano agreed,

without any statement of dissatisfaction with the work or with the sum claimed to be due, that Highland Park would pay interest on the debt due to the plaintiff, which included amounts due for the work done subsequent to August, 1973. From this evidence and other testimony, the court could reasonably reach the conclusion that there was no basis for a claim of improper work.

Even if, however, there were merit to the defendants' claim that the plaintiff had not properly performed the post-August work, this claim, alone, would not be a basis for denying the plaintiff its rights as the owner of a security interest. The defendants would still have to establish that the parties intended that the proper performance of the post-August work should be a condition precedent to the plaintiff's exercise of those rights. The court made no finding that the parties so intended. A contrary intent is, in fact, evidenced by one of the documents that was delivered to the bank with the shares; that document refers, over the signatures of the defendants, to an assignment "on or after Nov. 6, 1973, if the full amount of $37,299.39 has not been paid to Cahn Engineers, Inc. by Nov. 6, 1973, and if the $37,299.39 is paid, this assignment shall be null and void." Further, in their claims of law, the defendants have not made any claim that, either as a matter of law or of the construction of the agreement between the parties, the proper performance of the work was a condition precedent to the exercise of the plaintiff's rights under the security agreement. In the absence of that claim, and in the absence of any reference to any evidence to support that claim, we cannot disturb the trial court's unchallenged conclusion that the bank "improperly refused to surrender the stock

certificate because Cahn Engineers, Inc. had an absolute right to the possession of the stock by virtue of the non-payment of the sum of $37,299.39 to Cahn Engineers, Inc. by Highland Park, Inc., Leonard Intelisano or Clare Intelisano on or before November 6, 1973."

There is no error.